IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEREMY PINSON,** | : | |
| Plaintiff | : | CIVIL NO. 1:17-CV-00178 |
| vs. | : | |
| **UNITED STATES,** | : | (Judge Rambo) |
| Defendant | : | |

**MEMORANDUM**

**Background**

On January 31, 2017, Plaintiff Jeremy Pinson, an inmate at the Medical Center for Federal Prisoners, Springfield, Missouri (Federal Bureau of Prisons inmate number 16267-064) filed a complaint against the United States pursuant to 28 U.S.C. § 1331 and the Federal Tort Claims Act ("FTCA").[1] (Doc. 1.) Pinson's claims are set

---

1. 28 U.S.C. § 1331 states as follows: "The district court shall have original jurisdiction of all actions arising under the Constitution, laws, or treaties of the United States."
    The FTCA provides a remedy in damages for the simple negligence of employees of the United States to protect federal inmates. United States v. Muniz, 374 U.S. 150, 150 (1963). In presenting a FTCA claim, a
(continued...)

forth a form civil rights complaint routinely provided to prison inmates. (Id.) Part IV, Statement of Claim, of the form complaint states in toto as follows:

> While housed at USP Allenwood on 5-25-16 in SHU an officer employed by the United States issued and failed to pick up a razor blade and failed to notify psychology services when Jeremy Pinson a transgender care level 3 mentally ill inmate declared intent to castrate herself. Later that same night Pinson injured herself and was emergency hospitalized requiring reparative surgery - The officers post order and FOP policy left him no discretion on collecting the razor Or notifying psychology.

(Id. at 2-3.)  As relief, Pinson requested $1,000.000 in compensatory damages.

Along with the complaint, Plaintiff filed a motion to proceed in forma pauperis and an authorization to have funds deducted from her prison account to pay the filing fee in installments. (Docs. 2, 6.)

---

1. (...continued) plaintiff must show: (1) that a duty was owed to him by a defendant; (2) a negligent breach of said duty; and (3) that the negligent breach was the proximate cause of the plaintiff's injury/loss. Mahler v. United States, 196 F. Supp. 362, 364 (W.D. Pa. 1961), aff'd 306 F.2d 713 (3d Cir. 1962), cert. denied, 371 U.S. 923 (1962).  As a prerequisite to suit under the FTCA, a claim must first be presented to the federal agency and be denied by the agency.

In the motion to proceed in forma pauperis (Doc. 2, at 1) Pinson stated under penalty of perjury that prior to the filing of the complaint she did file 3 or more actions or appeals in a court of the United States that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. However, Pinson claims that she is in imminent danger of serious physical injury.(Id. at 2.) In support of that claim Pinson merely states as follows: "See Complaint." (Id.)

Pinson admits that she has three strikes under 28 U.S.C. § 1915(g). Furthermore, an electronic search on PACER confirms that prior to filing the above-captioned case Pinson did file 3 or more cases that were dismissed under the Prison Litigation Reform Act Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996)("PLRA").[2] In

---

2. Section 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks
> (continued...)

fact that review reveals that Pinson has filed at least 43 prisoner rights lawsuits (denoted by Nature of Suit number 550) and more than 130 civil actions.[3] The court will now enumerate some of Pinson's prior cases which were dismissed under the screening provisions of the PLRA.

---

2. (...continued)
   monetary relief against a defendant who is immune from such relief.

> Section 1915A states in part as follows:
>
>> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>> (b) Grounds for dismissal. – [same as under § 1915(e)].

3. Pinson's litigation history reveals a pattern of abusive filings as one federal court stated in March, 2014: "Mr. Pinson is no stranger to this Court and to at least nineteen other federal district courts. Since November 2007, Mr. Pinson has filed forty-three cases in this court, and since September 2005, he has filed 136 cases in various other federal district courts along with 64 appeals in seven different circuits." Pinson v. Armijo, 2014 WL 1034992, at *2 (D.Co. Mar. 18, 2014).

On June 1, 2009, Pinson (inmate number 16267-064) filed a civil rights complaint in the United States District Court for the Middle District of Florida. <u>Pinson v. Pineiro, et al.</u>, No. 5:09-CV-00244-WTH-GRJ. On July 29, 2009, an order was issued dismissing the case with prejudice and it was specifically stated in the order that "[t]he dismissal of this case counts as a strike for purposes of 1915(g)." <u>Pinson v. Pineiro, et al.</u>, No. 5:09-CV-00244-WTH-GRJ, slip op. at 32 (M.D. Fl. July 29, 2009)(Doc. 10)

On June 24, 2009, Pinson (inmate number 16267-064) filed a civil rights complaint in the United States District Court for the Middle District of Florida. <u>Pinson v. Chipi, et al.</u>, No. 5:09-CV-00283-WTH-GRJ. On July 29, 2009, an order was issued dismissing the case with prejudice and it was specifically stated in the order that "[t]he dismissal of this case counts as a strike for purposes of 1915(g)." <u>Pinson v. Chipi, et al.</u>, No. 5:09-CV-00283-WTH-GRJ, slip op. at 32 (M.D. Fl. July 29, 2009)(Doc. 7)

On July 12, 2010, Pinson (inmate number 16267-064) filed a civil rights complaint in the United States

District Court for the Northern District of Alabama. Pinson v. Elston, No. 1:10-CV-01847-SLB-HGD. On January 6, 2012, a memorandum and order were issued dismissing the case pursuant to 28 U.S.C. § 1915A(b)(1) and it was specifically stated in the order that "[t]he dismissal of this action is a dismissal countable for purposes of 28 U.S.C. § 1915(g)." Pinson v. Elston, No. 1:10-CV-01847-SLB-HGD, final judgment (N.D. Ala. Jan. 6, 2012)(Doc. 14).

On September 13, 2010, Pinson (inmate number 16267-064) filed a civil rights complaint in the United States District Court for the Northern District of Alabama. Pinson v. Rathman, et al., No. 1:10-CV-02469-AKK-HGD. On June 30, 2011, a memorandum and order were issued dismissing the case pursuant to 28 U.S.C. § 1915A(b) and it was specifically stated in the order that "[t]he dismissal of this action is a dismissal countable for purposes of 28 U.S.C. § 1915(g)." Pinson v. Rathman, et al., No. 1:10-CV-02469-AKK-HGD, final judgment (N.D. Ala. June 30, 2011)(Doc. 24).

Pinson has also had an appeal dismissed by the Court of Appeals for the Eleventh Circuit dismissed as

frivolous. Pinson v. Chipi, et al., No. 10-12235-B, order of dismissal, at 5 (11th Cir. Feb 2, 2011).

For the reasons set forth below, the above-captioned case filed by Pinson in this district on January 31, 2017 will be dismissed pursuant to 28 U.S.C. § 1915(g).

**Discussion**

The PLRA in an effort to halt the filing of meritless inmate litigation, enacted what is commonly referred to as the "three strikes" provision. Codified at 28 U.S.C. § 1915(g), the "three strikes" rule provides that an inmate who has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim may not proceed in a civil action in forma pauperis "unless the prisoner is in imminent danger of serious physical injury." See 28 U.S.C. § 1915(g), and Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir 2001)(en banc). The "imminent danger" exception to § 1915(g)'s "three strikes" rule is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir.2002).

"Imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. Abdul-Akbar, 239 F.3d at 312. Furthermore, the Court of Appeals for the Third Circuit explained that

> "[i]mminent" dangers are those dangers which are about to occur at any moment or are impending. By using the term "imminent," Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred. The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a complaint I.F.P. if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee.

Abdul-Akbar, 239 F.3d at 315.

As stated above Pinson claims that she is in "imminent" danger of serious physical injury. After reviewing Pinson's complaints and the assertions regarding "imminent" danger set forth in her motion to proceed in forma pauperis, the court concludes that Pinson's allegations do not satisfy the threshold criterion of the imminent danger exception of 28 U.S.C. § 1915(g). Clearly, at the time she filed the complaint she was not in imminent danger of serious physical injury. The alleged negligent conduct of an

employee of the Bureau of Prison occured in May 2016, and the complaint was filed in January, 2017. A self-inflicted wound sustained six-months prior to the filing of the complaint cannot be considered "imminent serious physical injury." See Abdul-Akbar, *supra*.

    An appropriate order will be entered.

                                      s/Sylvia H. Rambo
                                      SYLVIA H. RAMBO
                                      United States District Judge

Dated: February 7, 2017